UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BERNARD D. PELOQUIN,             : <br>     Plaintiff,                                 : <br>                                        : <br>        v.                                 : <br>                                        : <br> SECURITAS SECURITY SERVICES, USA, INC., : <br> THE HARTFORD FINANCIAL SERVICES <br> GROUP, INC.,                           : <br>     Defendants.                       : | 3:08-cv-869 (CFD) |

**RULING ON MOTION FOR SUMMARY JUDGMENT**

**I.    Introduction**

This case arises out of an employment dispute between plaintiff Bernard Peloquin and defendant Securitas Security Services ("Securitas"). The defendant has moved for summary judgment.

**II.    Background[1]**

Bernard Peloquin worked as a security guard for Securitas, which provided security services to offices of The Hartford Financial Services Group ("The Hartford") located in Simsbury, Connecticut. Beginning in October 2004, Peloquin worked for approximately two years as a supervisor at the site, a position he had previously held with The Hartford's prior security company. Peloquin was sixty years old at the time he was hired by Securitas. On August 10, 2006, Peloquin was removed from The Hartford site and reassigned to the Securitas

---

[1] Unless otherwise noted, these facts are taken from all parties' memoranda in support of and in opposition to the pending motions for summary judgment. They are undisputed unless otherwise indicated.

branch office. He was discharged from Securitas in September 2006. After he was terminated by Securitas, the plaintiff filed suit against both Securitas and The Hartford,[2] alleging that he was a victim of age discrimination under the Age Discrimination in Employment Act (ADEA). See 29 U.S.C. § 623. Securitas seeks summary judgment on the plaintiff's claim.

**III.    Applicable Law and Discussion**

Under the Age Discrimination in Employment Act (ADEA), it is unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). In order for the plaintiff to establish a prima facie case for age discrimination under the ADEA, he must show: (1) that he is within the protected class of persons – aged forty and older; (2) that he was qualified for the position; (3) that he suffered an adverse employment action; and (4) that the circumstances surrounding these events give rise to an inference of age discrimination. See 29 U.S.C. § 631(a); Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 142 (2000). The ADEA does not authorize "mixed motive" claims for age discrimination. See Gross v. FBL Financial Services, Inc., 129 S.Ct. 2343, 2350 (2009). Instead, a plaintiff must show that discrimination was the "but-for" cause for the adverse employment action. See id. at 2351.

If the plaintiff successfully states a prima facie case, the defendant bears the burden of articulating a legitimate, non-discriminatory reason for the conduct. See Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981), citing McDonnell Douglas Corp. v.

---

[2]Summary judgment was previously entered in favor of The Hartford. See Dkt. # 41.

Green, 411 U.S. 792, 802 (1973). If the defendant satisfies this burden, the plaintiff is entitled to prove by a preponderance of the evidence that the defendant's proffered reason was a mere pretext for discriminatory treatment. See id., citing McDonnell Douglas, 411 U.S. at 804.

In this case, the defendants argue that the plaintiff has failed to demonstrate the third and fourth elements of a prima facie case, namely that he suffered an adverse employment action and that the circumstances surrounding the events give rise to an inference of discrimination.

### 1.     *Adverse Employment Action*

"[A] plaintiff may suffer an adverse employment action if [he] endures a materially adverse change in the terms and conditions of employment." Richardson v. New York State Dept. of Correctional Service, 180 F.3d 426, 446 (2d Cir. 1999). For a change in conditions to be "materially adverse," it must be "more disruptive than a mere inconvenience or an alteration of job responsibilities." Galabya v. New York City Bd. of Educ., 202 F.3d 636, 640 (2d Cir. 2000), citing Crady v. Liberty Nat'l Bank and Trust Co., 993 F.2d 132, 136 (7th Cir. 1993). Examples of an adverse employment action include "a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities." Id. Though Securitas asserts that the plaintiff's claim for discrimination rests on his termination rather than his removal from the supervisory post, it is clear that the initial demotion also falls within the class of "adverse employment action[s]" protected by the ADEA. See Wanamaker v. Columbian Rope Co., 108 F.3d 462, 466 (2d Cir. 1997) (holding that the ADEA protects plaintiffs from adverse employment actions even when such actions do not rise to termination or a reduction of wages).

*2.     Inference of Discrimination*

Courts have characterized the burden of proof necessary for the plaintiff's claims to state a prima facie case for discrimination as "minimal." Byrnie v. Town of Cromwell, Bd. of Educ., 243 F.3d 93, 101 (2d Cir. 2001). The Second Circuit has established that "the mere fact that a plaintiff was replaced by someone outside the protected class will suffice for the required inference of discrimination." Zimmermann v. Associates First Capital Corp., 251 F.3d 376, 381 (2d Cir. 2001). In this case, the plaintiff was initially replaced by a twenty-six-year-old man, and then replaced by a thirty-year-old man, before a fifty-seven-year-old man took over the post. Securitas contends that the first two replacements were merely "temporary" and asks the Court to focus its inquiry instead on the age of the "permanent" fifty-seven-year-old replacement. See Lewis v. St. Cloud State Univ., 467 F.3d 1133, 1136-37 (8th Cir. 2006) (looking to the age of the plaintiff's permanent replacement instead of the temporary replacement); Mercer v. Capitol Management and Realty, Inc., 242 Fed. Appx. 162, 163 (5th Cir. 2007) (same).

However, even if the Court were entitled to ignore the age of a "temporary" replacement, Securitas has not established for summary judgment review that *both* initial replacements were intended to be "temporary." The first replacement, twenty-six-year-old Jason St. John, served in the plaintiff's former position for approximately one month before leaving Securitas to pursue a career as a corrections officer, which Securitas claims was known before Mr. St. John took over the plaintiff's former position. Securitas admits that the second replacement – thirty-year-old Louis Brown – was terminated by the company. Securitas has not shown that this second replacement was intended to be a temporary fill-in for the fifty-seven-year-old "permanent" replacement, Don Wilder. As such, the Court may not rely on the age of the fifty-seven-year-old

Wilder in evaluating whether the plaintiff has stated a prima facie case.  Since the plaintiff was replaced by an individual under the age of forty – first, the twenty-six-year-old St. John, then the thirty-year-old Brown – he has stated a sufficient inference of discrimination to state a prima facie case under the ADEA.

       3.     *Legitimate Non-Discriminatory Justification*

If the plaintiff successfully states a prima facie case, the defendant may articulate a legitimate, non-discriminatory reason for the conduct.  See Burdine, 450 U.S. at 253, citing McDonnell Douglas, 411 U.S. at 804.  If the defendant does so, the plaintiff may nonetheless survive summary judgment if a jury could find that the defendant's proffered reason was a mere pretext for discriminatory treatment.  See id.  Securitas offers several prior warnings issued to the plaintiff and a performance evaluation, centering on lack of professionalism and violations of company policy, as the legitimate, non-discriminatory reason for the demotion.  However, the plaintiff has adduced evidence that would allow a reasonable jury to find that these reasons were a mere pretext for discrimination.

The plaintiff was removed just several months after these warnings and within a year after he was given a generally positive performance evaluation.  The Securitas officer who made the decision to demote him was in that position only a month before removing the plaintiff.  In his deposition, the plaintiff testified he was teased about his age by co-workers and about an "ethos of discrimination" at Securitas, where management sought to remove the three oldest supervisors and replace them with younger employees.  Furthermore, Rob Monroe – one of the plaintiff's former co-workers – gave testimony, under oath, to an investigator for the Connecticut

Commission on Human Rights and Opportunities (CHRO) describing further examples of management's age-based mistreatment of the plaintiff.[3] The plaintiff has provided sufficient information for a reasonable jury to conclude that Securitas' justification for removing the plaintiff was a mere pretext for discrimination. Therefore, summary judgment is not appropriate as to the claims against Securitas.

IV.     **Conclusion**

For the reasons set forth above, defendant Securitas' motion for summary judgment is DENIED [Dkt. # 35].

SO ORDERED this 15th day of July 2010, at Hartford, Connecticut.


 /s/ Christopher F. Droney

**CHRISTOPHER F. DRONEY**

**UNITED STATES DISTRICT JUDGE**

---

[3] Though his interview with the CHRO is not an "affidavit" as discussed in Rule 56, Monroe's statement was made under oath. Cases examining what material may be relied on at summary judgment require that courts credit only admissible testimony. See, e.g. Feingold v. New York, 366 F.3d 138, 155 n. 17 (2d Cir. 2004). Monroe's statements are clearly within his personal knowledge. However, because they center on statements made by others, the Court may credit them only if the statements are non-hearsay or fall within an exception. In this case, Monroe detailed statements made by Securitas employees, in regard to a Securitas co-worker, while the speakers were on duty. Thus, the record would support a finding that these statements, as reported by Monroe, were made by agents of Securitas concerning a matter within the scope of those individuals' employment. As such, these statements would be non-hearsay, see Fed. R. Evid. 801(d)(2)(D), and may be relied upon by the Court in the summary judgment analysis.